J. S33042/19

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| HENRY L. WILLIAMS, | : | No. 1945 MDA 2018 |
| | : | |
| Appellant | : | |

Appeal from the PCRA Order Entered October 25, 2018,
in the Court of Common Pleas of Lancaster County
Criminal Division at No. CP-36-CR-0001747-2010

BEFORE: LAZARUS, J., OTT, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:          **FILED AUGUST 12, 2019**

Henry L. Williams appeals from the October 25, 2018 order denying in part, and dismissing in part, his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. After careful review, we affirm.

The relevant facts and extensive procedural history of this case were set forth by the PCRA court in its October 25, 2018 opinion and need not be reiterated here. (**See** PCRA court opinion, 10/25/18 at 2-3.) In sum, on April 19, 2011, a jury found appellant guilty of corrupt organizations, criminal conspiracy, criminal use of a communication facility, and four counts of possession with intent to deliver a controlled substance.[1] On August 4, 2011,

---

[1] 18 Pa.C.S.A. §§ 911(b)(3)-(4), 903, 7512(a), and 35 P.S. § 780-113(a)(30), respectively.

the trial court sentenced appellant to an aggregate term of 11 to 22 years' imprisonment, which included several mandatory minimum sentences based on the weight of drugs involved. On May 8, 2013, this court affirmed appellant's judgment of sentence, and our supreme court denied appellant's petition for allowance of appeal on November 19, 2013. *See Commonwealth v. Williams*, 81 A.3d 993 (Pa.Super. 2013) (unpublished memorandum), *appeal denied*, 80 A.3d 777 (Pa. 2013).

While appellant's direct appeal was pending, the Supreme Court of the United States decided *Alleyne v. United States*, 570 U.S. 99 (2013), on June 17, 2013.[2] Thereafter, on December 4, 2014, appellant filed a timely *pro se* PCRA petition. Counsel was appointed and filed an amended petition on appellant's behalf on August 14, 2015. In light of *Alleyne* and its progeny, the PCRA court granted appellant's PCRA petition, vacated his August 4, 2011 judgment of sentence, and ordered that appellant be resentenced. On

---

[2] In *Alleyne*, the Supreme Court held, "[a]ny fact that, by law, increases the penalty for a crime is an 'element' that must be submitted to the jury and found beyond a reasonable doubt." *Alleyne*, 570 U.S. at 102. In applying *Alleyne*, this court has held that, generally, Pennsylvania's mandatory minimum sentencing statutes are unconstitutional because the mandatory sentencing statutes "permit[] the trial court, as opposed to the jury, to increase a defendant's minimum sentence based upon a preponderance of the evidence" standard. *Commonwealth v. Newman*, 99 A.3d 86, 98 (Pa.Super. 2014) (*en banc*), *appeal denied*, 121 A.3d 496 (Pa. 2015). The *Newman* court further held that if a defendant's case was pending on direct appeal when *Alleyne* was decided, that defendant was entitled to retroactive application of *Alleyne*. *Id.* at 90. Thereafter, in *Commonwealth v. Hopkins*, 117 A.3d 247 (Pa. 2015), our supreme court reiterated that Pennsylvania's drug trafficking mandatory minimum sentences were unconstitutional under *Alleyne*. *Id.* at 262.

October 16, 2015, appellant was resentenced to an aggregate term of 11 to 22 years' imprisonment. On October 26, 2015, appellant filed a timely post-sentence motion challenging the discretionary aspects of his sentence, which was denied on October 28, 2015. On November 23, 2016, a panel of this court affirmed appellant's judgment of sentence, and appellant did not seek allowance of appeal with our supreme court. *See Commonwealth v. Williams*, 151 A.3d 621 (Pa.Super. 2016).

Appellant filed the instant *pro se* PCRA petition on September 5, 2017, and counsel was appointed to represent him. Counsel's appointment was rescinded, and Lea T. Bickerton, Esq. ("PCRA counsel"), entered her appearance on behalf of appellant. PCRA counsel filed an amended petition on appellant's behalf on April 30, 2018. On June 15, 2018, the PCRA court provided appellant with notice of its intention to dismiss his petition without a hearing, pursuant to Pa.R.Crim.P. 907(1). Appellant filed a response to the PCRA court's Rule 907 notice on July 16, 2018. Thereafter, on October 25, 2018, the PCRA court issued a comprehensive opinion and order denying appellant's PCRA petition, in part, and dismissing the petition, in part, concluding the petition was timely filed with respect to the resentencing issues. This timely appeal followed on November 26, 2018.[3]

---

[3] The PCRA court did not order appellant to file a concise statement of errors complained of on appeal, in accordance with Pa.R.A.P. 1925(b). On December 3, 2018, the PCRA court filed a one-page Rule 1925(a) opinion indicating that it was relying on the reasoning set forth in its October 25, 2018 opinion.

Appellant raises the following issues for our review:

> 1. Did the PCRA [c]ourt err by denying [appellant's] claims regarding ineffective assistance of resentencing and 2016 appeal counsel[4] without a hearing?
>
> 2. Did the PCRA court err by dismissing the rest of [appellant's] claims as untimely filed?

Appellant's brief at 7.

Proper appellate review of a PCRA court's dismissal of a PCRA petition is limited to the examination of "whether the PCRA court's determination is supported by the record and free of legal error." **Commonwealth v. Miller**, 102 A.3d 988, 992 (Pa.Super. 2014) (citation omitted). "The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." **Commonwealth v. Lawson**, 90 A.3d 1, 4 (Pa.Super. 2014) (citations omitted). "This Court grants great deference to the findings of the PCRA court, and we will not disturb those findings merely because the record could support a contrary holding." **Commonwealth v. Hickman**, 799 A.2d 136, 140 (Pa.Super. 2002) (citation omitted). Additionally, "[i]t is within the PCRA court's discretion to decline to hold a hearing if the petitioner's claim is patently frivolous and has no support either in the record or other evidence." **Commonwealth v. Wah**, 42 A.3d 335, 338 (Pa.Super. 2012) (citations omitted).

---

4 Appellant was represented during his 2015 resentencing and subsequent appeal by Joseph J. Kenneff, Esq. (hereinafter, "Attorney Kenneff" or "resentencing counsel").

"The timeliness of a PCRA petition is a jurisdictional requisite." *Commonwealth v. Ballance*, 203 A.3d 1027, 1031 (Pa.Super. 2019) (citation omitted). "Pennsylvania law makes clear no court has jurisdiction to hear an untimely PCRA petition." *Id.* All PCRA petitions, including second and subsequent petitions, must be filed within one year of when a defendant's judgment of sentence becomes final. *See* 42 Pa.C.S.A. § 9545(b)(1). "[A] judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3).

An otherwise untimely-filed PCRA petition will be excused if a petitioner satisfies one of the following three statutory exceptions to the PCRA time-bar enumerated in Section 9545(b)(1):

> (i)   the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii)  the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

- 5 -

42 Pa.C.S.A. § 9545(b)(1).

In the instant matter, appellant contends in his amended PCRA petition that an evidentiary hearing is warranted because: (1) trial counsel was ineffective for "failing to challenge the use of testimony alone to establish the existence of controlled substances"; (2) trial counsel was ineffective for "failing to challenge the improper and otherwise incorrect sentencing guidelines information"; (3) "First Direct Appeal counsel" and "Second Direct Appeal counsel" were ineffective for "failing to challenge the sufficiency and weight of the evidence"; (4) "First Direct Appeal counsel" was ineffective for "failing to raise these first four issues in the first PCRA"; (5) resentencing counsel, Attorney Kenneff, was ineffective for "failing to properly advocate at the [re]sentencing hearing"; (6) prior counsel, including Attorney Kenneff, were ineffective for failing to object to the imposition of the $25,000.00 fine; and (7) prior counsel were ineffective for "failing to challenge the constitutionality of the driver['s] license suspensions[.]" (Amended PCRA Petition, 4/30/18 at ¶¶ 1-7.)

Following our careful review of the record, including the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable David L. Ashworth, we discern no error on the part of the PCRA court in denying in part, and dismissing in part, appellant's PCRA petition without an evidentiary hearing. The PCRA court opinion comprehensively addresses and disposes of appellant's claims. Accordingly, we adopt this opinion as our own

and affirm the PCRA court's October 25, 2018 order on the basis of the reasons stated therein. (***See*** PCRA court opinion, 10/25/18 at 10-13 (concluding that appellant's October 16, 2015 resentencing did not change the date his judgment of sentence became final); ***id.*** at 14-15 (concluding that any issues raised with respect to his trial, first sentencing, and first direct appeal were untimely raised and the court had no jurisdiction to review them, but that appellant's allegations of ineffective assistance of resentencing counsel, Attorney Kenneff, were timely raised and cognizable); and ***id.*** at 16-20 (concluding that appellant failed to establish by a preponderance of the evidence that Attorney Kenneff failed to properly advocate on his behalf at the resentencing hearing or that he suffered prejudice because of any alleged inaction of counsel).)[5]

Order affirmed.

---

[5] We note that Attorney Kenneff had no reasonable basis to object to the imposition of a $25,000 fine, as the record clearly established that the resentencing court had the benefit of a pre-sentence investigation report and heard testimony that appellant will be trained and employed as an HVAC technician upon his release. (***See*** notes of testimony, 10/16/15 at 6-10.) ***See Commonwealth v. Charleston***, 94 A.3d 1012, 1020 (Pa.Super. 2014) (stating that, to prevail on an ineffectiveness claim, a petitioner must establish, ***inter alia***, that "the underlying claim has arguable merit[.]" (citation omitted)), ***appeal denied***, 104 A.3d 523 (Pa. 2014). Additionally, to the extent appellant argues in his brief that the PCRA court erred in dismissing his petition because "[t]he first PCRA court didn't comply with Pa.R.Crim.P. 905 and did not provide notice of the alleged defects in the ***pro se*** petition" (***see*** appellant's brief at 23-29), we find this claim waived. ***See Commonwealth v. Santiago***, 855 A.2d 682, 691 (Pa. 2004) (stating, "a claim not raised in a PCRA petition cannot be raised for the first time on appeal.").

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>08/12/2019</u>

## IN THE COURT OF COMMON PLEAS OF LANCASTER COUNTY, PENNSYLVANIA
### C R I M I N A L

COMMONWEALTH OF PENNSYLVANIA :

           v.                  :         No. 1747-2010

HENRY L. WILLIAMS       :

### OPINION

BY: ASHWORTH, J., OCTOBER 25, 2018

Before the Court is Henry L. Williams' counseled petition filed pursuant to the

Post Conviction Collateral Relief Act (PCRA), 42 Pa. C.S.A. §§ 9541-9546. For the

reasons set forth below, this petition will be denied in part and dismissed in part, without

a hearing.[1]

## I.    Background

The criminal charges filed against Williams and his seven co-defendants in this

consolidated case – David Huggins, Jr., Justin E. Wiley, Leroy K. Warrick, David L.

Lambert, Amin L. Owens, Salim D. Brokenborough, and Felicia Cooper – were

instituted by the filing of criminal complaints based on Presentment No. 19, which was

returned by the Twenty-Ninth Statewide Investigating Grand Jury. By Order dated

October 8, 2009, the Honorable Barry Feudale, Acting Supervising Judge of the

---

[1]Under Rule 907 of the Pennsylvania Rules of Criminal Procedure, a PCRA court may dispose of post conviction collateral relief petitions without a hearing if it is satisfied after reviewing the materials submitted that no genuine issues of material fact exist and that the petitioner is not entitled to post conviction relief. Pa. R.Crim.P. 907.

Twenty-Ninth Statewide Investigating Grand Jury, accepted the Grand Jury's

Presentment and directed that venue for prosecution of the defendants' crimes be held

in Lancaster County, Pennsylvania.

The Grand Jury provided the following summary of the investigation that resulted

in the filing of the criminal charges against these co-conspirators:

During the summer of 2008, members of the Pennsylvania Office of Attorney General Bureau of Narcotics Investigation and Drug Control (BNIDC), Region II, Philadelphia Office, investigated the distribution of marijuana and cocaine in and around Philadelphia, Montgomery, Delaware and Lancaster counties in Pennsylvania. The investigation began with controlled purchases of marijuana from an individual supplied by David Lambert.

As the investigation developed, the agents concentrated on the controlled substance trafficking of David Lambert, a.k.a Lamont Brooks, a.k.a D-Rock. The evidence developed to show that Lambert had an organization that mainly dealt with trafficking cocaine and marijuana to customers in several counties from Philadelphia to Lancaster.

In November of 2008, this Grand Jury began to hear testimony from BNIDC about this illegal drug trafficking organization. Agents William Ralston and David Carolina, along with two lay witnesses involved in the organization's business testified about the operations of the illegal drug distribution of David Lambert.

In September 2008, pursuant to the applications made by Thomas W. Corbett, Jr., Attorney General for the Commonwealth of Pennsylvania, the Superior Court of Pennsylvania issued orders authorizing the interception of wire and electronic communications on two telephones used by David Lambert to conduct this illegal business. Non-consensual interceptions began on September 11, 2008.

Based upon interceptions and surveillance of David Lambert, agents corroborated that Lambert was selling marijuana and cocaine that he received from various sources. Some of the identified sources of cocaine were Henry Williams, David Huggins, Amin Owens, and Salim Brokenborough. Brokenborough also supplied marijuana to Lambert. Justin Wiley, a resident of Lancaster, PA, worked with Lambert in obtaining and distributing cocaine throughout the region. Felicia Cooper and Leroy Warrick were employed by Lambert to assist him in carrying out his drug business. The investigation showed that, from September through October 2008, these individuals enabled Lambert to supply various other individuals with quantities of cocaine ranging from multi-ounce to multi-grams and pound quantities of marijuana.

2

Evidence from the non-consensual interceptions and the accompanying surveillance provided probable cause for BNIDC agents to execute multiple search warrants in Lancaster and Philadelphia counties.

Presentment No. 19 at 1-2.

As a result of this Grand Jury Presentment, criminal complaints were filed against all of the co-defendants on October 22, 2009. The charges common to all defendants include corrupt organizations, criminal conspiracy, criminal use of communication facility, and violations of the Controlled Substance, Drug, Device and Cosmetic Act.[2] Co-defendant Lambert was additionally charged with person not to possess or sell firearms.[3] Pursuant to Pa. R.Crim.P. 582, the criminal cases were consolidated for trial.

The case proceeded to a jury trial on April 4, 2011, against six of the original eight co-conspirators. Justin Wiley entered a guilty plea just prior to trial. Felicia Cooper, who negotiated a guilty plea conditioned on her cooperation as a witness for the Commonwealth, testified at trial against her co-conspirators. In addition to her testimony, the Commonwealth presented evidence from a search of Wiley's house. The search, conducted pursuant to a search warrant, turned up crack and powder cocaine, cash, ammunition, and drug-distribution paraphernalia. The Commonwealth also introduced recordings of drug-related conversations from lawful wiretaps on two cell phones belonging to David Lambert. Some of the conversations included Lambert

---

[2] 18 Pa. C.S.A. § 911(b)(3)(4), 18 Pa. C.S.A. § 903, 18 Pa. C.S.A. § 7512(a), and 35 P.S. § 780-113(a)(30), respectively.

[3] 18 Pa. C.S.A. § 6105(a).

3

talking with Williams. Other members of the conspiracy were caught on tape discussing narcotics transactions involving Williams.

On April 19, 2011, a verdict was entered against Williams and his co-defendants. Williams was found guilty of corrupt organizations, criminal conspiracy, four counts of delivery or possession with intent to deliver a controlled substance, and criminal use of communication facility. On August 4, 2011, Williams received an aggregate sentence of 11 to 22 years incarceration,[4] which included several mandatory minimum sentences based on the weight of drugs involved.[5]

A timely notice of appeal to the Superior Court of Pennsylvania was filed on August 9, 2011. In that appeal, Williams raised just one issue: whether the Court erred by allowing F.B.I. Special Agent David Carolina to give opinion testimony beyond the scope of his asserted expertise. On May 8, 2013, a three-judge panel of the Superior Court affirmed the judgment of sentence in an unpublished memorandum opinion.[6] See **Commonwealth v. Williams**, 1399 MDA 2011, 81 A.3d 993 (Pa. Super. 2013)

---

[4]Williams was sentenced as follows: Count 1, corrupt organizations, 2 to 4 years' incarceration; Count 2, conspiracy, 5 to 10 years' incarceration; Count 3, PWID, 4 to 8 years' incarceration; Count 4, PWID, 5 to 10 years' incarceration; Count 5, PWID, 5 to 10 years' incarceration; Count 6, PWID, 5 to 10 years' incarceration; and Count 7, criminal use of communication facility, 1 to 2 years' incarceration. Counts 2, 5 and 7 were made consecutive to one another, resulting in an aggregate sentence of 11 to 22 years' incarceration.

[5]The Commonwealth had filed a notice of mandatory sentencing, pursuant to 18 Pa. C.S.A. § 7508(b) and 18 Pa. C.S.A. § 6317(b), on May 20, 2010

[6]The Court affirmed based on the published decision in the companion case of **Commonwealth v. Huggins**, 68 A.3d 962 (Pa. Super. 2013), which held that: (1) as a matter of first impression, the rules of evidence do not preclude a single witness from offering opinions in his capacity as both a lay and expert witness on matters that may embrace ultimate issues to be decided by the fact-finder; and (2) allowing a drug enforcement agent to testify as both an expert and a layperson was not improper.

4

(Table). Williams filed an application requesting reconsideration or re-argument *en banc*, which was denied on July 11, 2013. Williams' petition for allowance of appeal was denied by the Supreme Court of Pennsylvania on November 19, 2013. *See* **Commonwealth v. Williams**, 622 Pa. 760, 80 A.3d 777 (Pa. 2013) (Table).

On December 4, 2014,[7] Williams filed a timely *pro se* petition for post conviction collateral relief. In his filing, Williams claimed his attorney was ineffective for failing to challenge the sufficiency of the evidence to support his convictions for conspiracy and criminal use of a communication facility. *See* 2014 PCRA Memorandum of Law at 6-15. Pursuant to Rule 904(A) of the Pennsylvania Rules of Criminal Procedure, counsel was appointed on December 10, 2014, to represent Williams on his collateral claims and was granted leave to file an amended petition, if appropriate, by February 13, 2015.

While Williams' direct appeal had been pending, the United States Supreme Court announced its decision in **Alleyne v. United States**, 570 U.S. 99 (2013), which held "that any fact that increases the mandatory minimum is an 'element' that must be submitted to the jury" and found beyond a reasonable doubt. Id. at 102, 116. The Pennsylvania Superior Court in **Commonwealth v. Watley**, 81 A.3d 108, 117 (Pa. Super. 2013), subsequently ruled that the **Alleyne** decision rendered those Pennsylvania mandatory minimum sentencing statutes that did not pertain to prior convictions unconstitutional insofar as they permitted a judge to automatically increase

---

[7]Williams' pleading was mailed on December 4, 2014, and docketed in the Clerk of Courts on December 5, 2014. The petition was deemed filed on December 4, 2014, pursuant to the "prisoner mailbox rule." *See* **Commonwealth v. Crawford**, 17 A.3d 1279, 1281 (Pa. Super. 2011) ("Under the prisoner mailbox rule, we deem a *pro se* document filed on the date it is placed in the hands of prison authorities for mailing.").

5

a defendant's sentence on a preponderance of the evidence standard. In **Commonwealth v. Newman**, 99 A.3d 86, 101-02 (Pa. Super. 2014) (*en banc*), the Superior Court held that the unconstitutional provisions of the mandatory minimum sentencing statutes were not severable and that the statutes were therefore unconstitutional as a whole. Additionally, the Superior Court found that **Alleyne** applies retroactively to cases pending on direct appeal. Id. at 90.

Upon request by Williams, proceedings in this case were stayed pending a decision by the Supreme Court of Pennsylvania in **Commonwealth v. Hopkins**, 632 Pa. 36, 117 A.3d 247 (2015), as to whether the unconstitutional provisions of the mandatory minimum sentencing statutes were severable. On June 15, 2015, the Supreme Court reaffirmed the Superior Court's severability analysis, rendering Pennsylvania's drug trafficking mandatory minimum sentences unconstitutional. Id. at 61, 117 A.3d at 262.

Following the Pennsylvania Supreme Court's decision on June 15, 2015, an amended petition was filed by PCRA counsel on August 14, 2015. In his amended petition, Williams raised only one claim: whether the sentence imposed upon him was illegal in light of **Alleyne**. Given that (1) Williams was sentenced to drug trafficking mandatory minimum sentences, (2) such sentences had been held unconstitutional in light of **Alleyne**, (3) Williams' direct appeal was still pending at the time the decision in **Alleyne** was announced on June 17, 2013, and (4) **Alleyne** applies retroactively to Williams, the Commonwealth conceded that re-sentencing was appropriate in this case. *See* Commonwealth's Response to Amended Motion for PCRA Relief at 2.

6

Accordingly, on September 16, 2015, an Order was entered granting Williams' amended PCRA petition and vacating his judgment of sentence of August 4, 2011. A re-sentencing hearing was scheduled for October 16, 2015. At that time, Williams was sentenced as follows: Count 1, corrupt organizations, 2 to 4 years' incarceration; Count 2, conspiracy, 5 to 10 years' incarceration; Count 3, PWID, 4 to 8 years' incarceration; Count 4, PWID, 2.75 to 5.5 years' incarceration; Count 5, PWID, 5 to 10 years' incarceration; Count 6, PWID, 2.75 to 5.5 years' incarceration; and Count 7, criminal use of communication facility, 1 to 2 years' incarceration. As in 2011, Counts 2, 5 and 7 were made consecutive to one another, resulting in an aggregate sentence of 11 to 22 years' incarceration.[8]

Williams filed a counseled post-sentence motion on October 26, 2015,[9] solely challenging the consecutive nature of his sentence. By Order dated October 28, 2015, I denied the motion. A timely notice of appeal to the Superior Court of Pennsylvania was filed from that decision.[10] *See* 2078 MDA 2015. In that appeal, Williams

---

[8]Williams was ineligible for a Recidivism Risk Reduction Incentive (RRRI) sentence due to a prior robbery conviction.

[9]Williams filed a *pro se* "Motion for Post-Sentence Relief" on October 21, 2015. This pleading was not accepted by the Court as Williams was represented by counsel, and a criminal defendant has no constitutional right to hybrid representation on appeal. Such hybrid representation has been expressly precluded by our Supreme Court. *See* **Commonwealth v. Jette**, 611 Pa. 166, 23 A.3d 1032, 1038-40 (2011); **Commonwealth v. Pursell**, 555 Pa. 233, 724 A.2d 293, 302 (1999); **Commonwealth v. Ellis**, 534 Pa. 176, 626 A.2d 1137, 1139 (1993). *See also* Pa.R.Crim.P. 576(A)(4).

[10]Although represented by counsel, Williams filed a *pro se* notice of appeal on November 19, 2015. Based upon Superior Court Internal Operating Procedure 65.24 which addresses hybrid representation in the context of a notice of appeal, the Court accepted the *pro se* filing and found the appeal to be timely. **Commonwealth v. Williams**, 151 A.3d 621, 623-24 (Pa. Super. 2016).

7

challenged the sufficiency of the evidence as to the criminal conspiracy and possession with intent to deliver counts, and he challenged the discretionary aspects of his sentence.

On November 23, 2016, the Superior Court affirmed the judgment of sentence. Specifically, as to the first appellate issue, the Court held that Williams waived his challenge to the sufficiency of the evidence underlying his 2011 convictions because he had already litigated a direct appeal challenging his convictions and judgment of sentence.

> In that appeal, [Williams] raised one issue challenging the trial court's ruling that allowed an FBI agent to testify in his capacity as both an expert and a lay witness. Pa. R.A.P. 1925(b) Statement, 8/24/11. This Court affirmed [Williams'] judgment of sentence in a Judgment Order filed on May 8, 2013. Because [Williams] had the benefit of a direct appeal, he is barred from raising any issues other than a challenge to the sentence imposed on remand. **[Commonwealth v.] Anderson**, 801 A.2d 1264,] 1266 [(Pa. Super. 2002)]. Accordingly, [Williams'] first issue wherein he challenges the sufficiency of the evidence is waived for [Williams'] failure to raise it in his first direct appeal.

**Williams**, 151 A.3d at 625.

Similarly, the appellate court held that Williams had waived his challenge to the discretionary aspects of his sentence.

> In his second issue, [Williams] alleges that the trial court abused its discretion in applying an elevated offense gravity score ('OGS') that was based on the weight of the controlled substances. A claim that the sentencing court used an incorrect OGS is a challenge to the discretionary aspects of one's sentence. . . .
> [W]e are constrained to agree with the positions taken by both the trial court and the Commonwealth that [Williams] failed to preserve this challenge to the OGS at the time of sentencing or in a post-sentence motion. A review of the record reveals that while [Williams] did file a timely post-sentence motion, he never mentioned the OGS. [Williams] only argued that his aggregate sentence was excessive

8

due to the individual sentences being ordered to run consecutively as opposed to concurrently. Because the OGS was not raised in any manner, we conclude [Williams] has waived this challenge to the discretionary aspects of his sentence.

**Williams**, 151 A.3d at 625-26 (citations omitted). Williams did not seek allowance of appeal to the Supreme Court of Pennsylvania.

On September 5, 2017, Williams filed a *pro se* petition for post conviction collateral relief. In his filing, Williams claimed: (1) his trial attorney was ineffective for failing to challenge the sufficiency of the evidence to support his conviction for criminal use of a communication facility; and (2) his appellate counsel was ineffective for failing to raise the trial court error "in failing to re-sentence [Williams] without imposing the mandatory minimum jail sentence and failing to find § 7508 unconstitutional in its entirety." *See* 2018 PCRA Memorandum of Law at 1-2. Pursuant to Pa. R.Crim P. 904(A), Dennis C. Dougherty, Esquire, was appointed on September 14, 2017, to represent Williams on his collateral claims and was granted leave to file an amended petition, if appropriate, by November 17, 2017. Attorney Dougherty asked for an additional 60 days to complete his review of the case and was given until January 17, 2018, to file an amended petition.

Thereafter, private counsel Lea Terlonge Bickerton, Esquire, entered her appearance on behalf of Williams,[11] and Attorney Dougherty's appointment was rescinded. Attorney Bickerton was granted leave until April 30, 2018, to file an amended petition. The amended petition presently before the Court was filed on April

---

[11]Attorney Bickerton represented Williams for some part of his 2016 appeal to the Superior Court. *See* **Williams**, 151 A.3d at 622.

9

30, 2018, and raises the following issues: (1) whether trial counsel was ineffective for failing to challenge the use of testimony alone to establish the existence of controlled substances; (2) whether trial counsel was ineffective for failing to challenge the improper and otherwise "incorrect sentencing guidelines information"; (3) whether "First Direct Appeal counsel" and "Second Direct Appeal counsel" were ineffective for failing to challenge the sufficiency and weight of the evidence; (4) whether "First Direct Appeal counsel" was ineffective for failing to raise these first four issues in the first PCRA; (5) whether "Second Direct Appeal counsel" was ineffective for "failing to properly advocate at the [second] sentencing hearing"; (6) whether "prior counsel" were ineffective for failing to challenge the fine as excessive; and (7) whether "prior counsel" were ineffective for failing to challenge the constitutionality of the driver license suspensions Williams will face. *See* 2018 Amended PCRA Petition at ¶¶ 1-7.

On May 29, 2018, the Commonwealth filed a timely response to the amended PCRA petition raising a lack of jurisdiction due to the untimeliness of Williams' serial petition and refuting the merits of Williams' ineffective assistance of counsel claims. By Order dated June 15, 2018, Williams was given Notice pursuant to Pa. R.Crim.P. 907 of this Court's intention to dismiss his serial PCRA petition without a hearing. Williams filed an answer to the notice of dismissal on July 16, 2018.

## II. Discussion

Before I may address the merits of Williams' argument, I must first consider the timeliness of Williams' serial PCRA petition because it implicates the jurisdiction of this

10

Court. **Commonwealth v. Davis**, 86 A.3d 883, 887 (Pa. Super. 2014). Williams'

petition is governed by section 9545(b)(1) of the PCRA, which provides that all

petitions, including a second or subsequent petition, normally must be filed within one

year from the date the petitioner's judgment of sentence became final. 42 Pa. C.S.A. §

9545(b)(1).[12] This time restriction is "jurisdictional in nature." **Commonwealth v.**

**Albrecht**, 606 Pa. 64, 67, 994 A.2d 1091, 1093 (2010) (citation omitted). Pennsylvania

law makes clear that when "a PCRA petition is untimely, neither [the Superior] Court nor

the trial court has jurisdiction over the petition." **Commonwealth v. Seskey**, 86 A.3d

237, 241 (Pa. Super. 2014) (citation omitted). "[Jurisdictional time] limitations are

mandatory and interpreted literally; thus, a court has no authority to extend filing periods

except as the statute permits." **Commonwealth v. Jackson**, 30 A.3d 516, 519 (Pa.

Super. 2011) (*quoting* **Commonwealth v. Fahy**, 558 Pa. Super. 313, 329, 737 A.2d

214, 222 (1999)). "Without jurisdiction, [the courts] simply do not have the legal

authority to address the substantive claims." **Seskey**, *supra* at 241.

For purposes of the PCRA, a judgment of sentence becomes final at the

conclusion of direct review, including discretionary review in the Supreme Court of

Pennsylvania and the Supreme Court of the United States, or at the expiration of the

time for seeking such review. 42 Pa. C.S.A. § 9545(b)(3). *See also* **Commonwealth v.**

**Jones**, 54 A.3d 14, 17 (Pa. Super. 2012). A petitioner who seeks review in the U.S.

---

[12]Section 9545(b)(1) provides, in pertinent part:
**(b) Time for filing petition.-**
(1) Any petition under this subchapter, *including a second or subsequent petition,*
shall be filed *within one year of the date the judgment becomes final*. . . .
42 Pa. C.S.A. § 9545(b)(1) (emphasis added).

11

Supreme Court has 90 days to do so after the Pennsylvania Supreme Court enters an order denying relief. **Commonwealth v. Monaco**, 996 A.2d 1076, 1081 n.2 (Pa. Super. 2010); U.S. Sup.Ct.R. 13.

As discussed above, the Supreme Court of Pennsylvania denied Williams' petition for allowance of appeal on November 19, 2013. *See* **Williams**, 622 Pa. 760, 80 A.3d 777. Pursuant to section 9545(b)(3) of the PCRA, Williams' judgment of sentence became final for PCRA purposes 90 days later – on or about February 16, 2014 – when the time expired for Williams to file a petition for *certiorari* with the Supreme Court of the United States. *See* 42 Pa. C.S.A. § 9545(b)(3); U.S. Sup.Ct.R. 13. Accordingly, Williams had one year from February 16, 2014, in which to file a timely PCRA petition.

Williams' *pro se* petition was filed on September 5, 2017, over three and one-half years after his judgment of sentence became final. Thus, this petition is facially untimely unless Williams pleads and proves the applicability of one of the three statutory exceptions to section 9545(b)(1).[13] **Commonwealth v. Lawson**, 90 A.3d 1, 5 (Pa. Super. 2014).

Section 9545(b)(1) permits consideration of the merits of a facially untimely PCRA petition where:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

---

[13]As our Supreme Court has repeatedly stated, the petitioner maintains the burden of pleading and proving that one of the exceptions to the time requirement applies. **Commonwealth v. Abu-Jamal**, 596 Pa. 219, 227, 941 A.2d 1263, 1268 (2008).

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa. C.S.A. § 9545(b)(1)(i-iii). Williams, however, has failed to plead and prove any exception to the one-year PCRA time bar.

Although Williams was resentenced on October 16, 2015, because he was serving an illegal sentence for which this Court granted PCRA relief, this does not change the date when the judgment of sentence became final. The relief granted on Williams' initial PCRA petition, which was limited to resentencing, did not "reset the clock" for purposes of calculating the date Williams' judgment of sentence became final with respect to claims unrelated to the resentencing. **Commonwealth v. McKeever**, 947 A.2d 782, 785 (Pa. Super. 2008). *See also* **Commonwealth v. Dehart**, 730 A.2d 991, 993 n.2 (Pa.Super. 1999), *appeal denied*, 560 Pa. 719, 745 A.2d 1218 (1999) (stating successful PCRA petition does not affect calculation of finality of judgment of sentence where relief granted neither restored petitioner's direct appeal rights *nunc pro tunc* nor disturbed conviction, but affected petitioner's sentence only). As to six of the seven claims raised by Williams, this is a serial petition whose timeliness must be measured against the date Williams' original judgment of sentence became final – February 16, 2014.

Williams argues, however, that in the first PCRA proceeding he was granted relief on the **Alleyne** claim only while "the claims involving the trial, first sentencing, and

13

first direct appeal . . . were never ruled upon." *See* Answer to Notice of Dismissal at ¶ 1.1. In Williams' 2014 *pro se* PCRA petition he claimed his trial attorney was ineffective for failing to challenge the sufficiency of the evidence to support his convictions for conspiracy and criminal use of a communication facility. *See* 2014 PCRA Memorandum of Law at 6-15. In his amended counseled petition, Williams raised a different claim: whether the sentence imposed upon him was illegal in light of **Alleyne**. Williams' decision to not incorporate his initial *pro se* petition into his counseled petition operated as an abandonment of the ineffective assistance of counsel claim. Clearly, as was his obligation, PCRA counsel examined the merits of Williams' *pro se* claim and determined the issue was not worth pursuing in the amended petition. *See* **Commonwealth v. Johnson**, 179 A.3d 1153, 1157 (Pa. Super. 2018). Thus, the *pro se* claim was not incorporated, and, in turn, was waived and not ruled upon by this Court. Indeed, to have considered and disposed of it during the PCRA process would have been trial court error. *See* **Commonwealth v. Tedford**, 598 Pa. 639, 960 A.2d 1, 10 n.4 (2008) ("[A] criminal defendant currently represented by counsel is not entitled to 'hybrid representation' – *i.e.*, he cannot litigate certain issues *pro se* while counsel forwards other claims."); **Commonwealth v. Markowitz**, 32 A.3d 706, 713 n.5 (Pa. Super. 2011) ("[T]he PCRA court is only permitted to address issues raised in a counseled petition."). Accordingly, the sole claim addressed by this Court was the one contained in the counseled PCRA petition – the **Alleyne** sentencing issue. Any other claims involving the trial, first sentencing, and first direct appeal were waived by Williams in his first PCRA proceeding, and are now untimely.

14

There are, however, two claims raised by Williams which relate to the ineffective assistance of *resentencing* counsel. In order to prevail on a claim of ineffective assistance of counsel made in the post conviction context, a defendant must overcome the presumption that counsel is effective by establishing by a preponderance of the evidence that: the underlying claim has arguable merit; trial counsel had no reasonable basis for proceeding as he did; and the defendant suffered prejudice. *See* 42 Pa.C.S.A. § 9543(a)(2)(ii); **Commonwealth v. Spotz**, 616 Pa. 164, 187, 47 A.3d 63, 76 (2012) (*citing* **Commonwealth v. Pierce**, 515 Pa. 153, 158-59, 527 A.2d 973, 975-76 (1987)). The client has the burden of establishing counsel's ineffectiveness because counsel is presumptively effective. Id.

To establish the prejudice prong, the defendant must show that there is a reasonable probability that the outcome of the proceedings would have been different but for counsel's ineffectiveness. **Commonwealth v. Chmiel**, 612 Pa. 333, 362-63, 30 A.3d 1111, 1127-28 (2011). "We stress that boilerplate allegations and bald assertions of no reasonable basis and/or ensuing prejudice cannot satisfy a defendant's burden to prove that counsel was ineffective." Id. (*quoting* **Commonwealth v. Paddy**, 609 Pa. 272, 292, 15 A.3d 431, 443 (2011)). Where a petitioner has not met the prejudice prong of the ineffectiveness standard, the claim may be dismissed on that basis alone without a determination of whether the arguable merit and client's interest prongs have been met. **Commonwealth v. Wright**, 599 Pa. 270, 320-21, 961 A.2d 119, 148-49 (2008); **Commonwealth v. Zook**, 585 Pa. 11, 26, 887 A.2d 1218, 1227 (2005).

15

In his 2018 Amended PCRA Petition, Williams claims his "Second Direct Appeal counsel" was ineffective for (1) failing to challenge the weight of the *trial* evidence, and (2) "failing to properly advocate at the [second] sentencing hearing." *See* 2018 Amended PCRA Petition at ¶¶ 3.3, 5. The first claim of ineffectiveness, although related to resentencing *counsel*, is unrelated to the actual resentencing. As noted above, Williams properly exercised his direct appellate rights following his jury trial and sentencing. His first PCRA petition was unquestionably a PCRA petition and the relief granted was post-conviction relief. Moreover, the relief granted in the first PCRA action did not affect the adjudication of guilt, but merely the sentence imposed. Accordingly, because Williams' claim of ineffectiveness against "Second Direct Appeal counsel" for failing to challenge the weight of the *trial* evidence relates to the underlying 2011 trial, which is a claim unrelated to his 2015 resentencing, his claim is untimely, and this Court lacks jurisdiction to address it.[14] *See* **McKeever**, 947 A.2d at 785; **Dehart**, 730 A.2d at 993 n.2.

---

[14]Williams had the constitutional right to appeal his judgment of sentence entered after this Court granted him PCRA relief based upon **Alleyne**. However, in that direct appeal, Williams "was permitted to raise issues pertaining only to the re-sentencing procedure itself; his underlying claims of trial error regarding his non-vacated convictions could not be addressed on direct appeal from re-sentencing." **McKeever**, 947 A.2d at 786 (*citing* **Commonwealth v. Gaito**, 277 Pa. Super. 404, 419 A.2d 1208, 1211 n. 4 (1980)).

In Williams' second direct appeal following the resentencing, counsel did challenge the sufficiency of the evidence underlying Williams' 2011 convictions in this matter. Relying on **Anderson**, 801 A.2d at 1266, the Superior Court held that because Williams had already litigated a direct appeal challenging his convictions he was barred from raising any issues other than a challenge to the sentence imposed after this Court granted Williams' first PCRA petition and vacated his judgment of sentence of August 4, 2011. *See* **Williams**, 151 A.3d at 625. This ruling would have been the same had counsel challenged the weight of the evidence, as Williams now claims he should have done.

16

In contrast, Williams' second claim of error with respect to his resentencing is timely. On October 16, 2015, Williams was resentenced following this Court's grant of PCRA relief because Williams was serving an illegal sentence which included mandatory minimum sentences ruled unconstitutional in **Alleyne**. Williams' new sentence became final 30 days after the Superior Court affirmed the judgment on direct appeal on November 23, 2016. Williams filed his *pro se* petition on September 5, 2017, which was within one year of the date his new judgment of sentence became final. Thus, this Court has jurisdiction to address Williams' collateral challenge related to his 2015 resentencing proceeding. *See* **Commonwealth v. Lesko**, 609 Pa. 128, 15 A.3d 345 (2011).

Williams claims his "Second Direct Appeal counsel" was ineffective for "failing to properly advocate at the [second] sentencing hearing." *See* 2018 Amended PCRA Petition at ¶ 5. Williams specifically objects to counsel's statement at the resentencing hearing that "there's no real legal argument to change the sentence at this point." N.T., Video Resentencing Hearing at 10. Williams claims this is a misstatement of the law, and counsel was obligated to present, and the court was required to consider, Williams' "instructional record and adjustment at resentencing."[15] 2018 Amended PCRA Petition at ¶ 5.1.2.

In fact, there was substantial evidence presented at the resentencing regarding Williams' institutional record. Via video conferencing, Williams informed the Court of

[15]This Court is not familiar with the term "instructional record" as it relates to sentencing; nor could any appellate court cases be found addressing this term. There is substantial case law, however, regarding the consideration of "institutional records" when sentencing and/or resentencing a criminal defendant.

17

his employment with the Department of Corrections (DOC), and his successful completion of all mandatory programming. N.T., Video Resentencing Hearing at 6. Additionally, Williams sent a letter to the Court dated October 13, 2015, in anticipation of his resentencing in which he detailed his low custody level status, his DOC transfer due to good behavior, his employment in the Restricted Housing Unit where he assists with "the feeding, cleaning, and counseling of problematic inmates while they serve sanctions for administrative and disciplinary reasons," and his work with family members "on the outside who are starting a program for at-risk youth." In his letter and during the resentencing hearing, Williams further accepted full responsibility for his actions. Id.

Defense counsel also provided four letters of support for Williams, some of which outlined the steps Williams was taking to change his life and to improve his situation in prison. N.T., Video Resentencing Hearing at 7-8. Moreover, counsel introduced the testimony of Williams' sister who discussed Williams' future plans for education in a trade and employment in a family business upon his release from prison. Id. at 9.

Finally, defense counsel addressed the Court and argued Williams was a changed man from the original sentencing in 2011. His rehabilitation stemmed from his completion of the mandatory programming, his employment in "one of the worst jobs in the prison," and his acceptance of responsibility for his criminal actions. N.T., Video Resentencing Hearing at 9-10. Thus, a review of the record refutes Williams' claim that defense counsel failed to properly advocate for him at the resentencing hearing.

18

With respect to defense counsel's statement regarding "no real legal argument to change the sentence," it is unclear as to precisely what counsel was referring. N.T. Video Resentencing Hearing at 10. All parties agreed that the law required a new sentence for those Counts where mandatory minimum sentences had previously been imposed, i.e., Counts 2 through 6. The Court reviewed the changes in the Sentencing Guidelines for Counts 2 (conspiracy), 3 (PWID) and 5 (PWID), and noted that "[i]f the mandatory sentence had not been imposed, the guidelines would have been higher, but it would be an illegal sentence for [the Court] to increase [Williams'] sentence on those counts."[16] N.T., Video Resentencing Hearing at 5. The Sentencing Guidelines for Counts 1 (corrupt organizations) and 7 (criminal use of communication device) did not change. Only Counts 4 (possession with intent to deliver 14 grams of cocaine) and 6 (possession with intent to deliver 14 grams of cocaine) saw the standard guidelines go down from 60 months' incarceration to 27 to 33 months' incarceration.

Accordingly, Williams' sentences on Counts 1, 2, 3, 5 and 7 did not change from 2011. The sentences on Counts 4 and 6 were reduced from 5 to 10 years' incarceration to 2.75 to 5.5 years' incarceration. Recognizing that the Court had previously made the sentences on Counts 2, 5 and 7 consecutive, defense counsel asked the Court to consider a sentence where all counts were run concurrently, given

---

[16]Count 2, conspiracy to possess with the intent to deliver 200 grams of cocaine, had a mandatory minimum of 60 months. Williams' standard range is now 72 to 90 months. Count 3, possession with intent to deliver 126 grams of cocaine, had a mandatory minimum of 48 months and standard range guidelines of 60 months' incarceration. Williams' standard range is now 72 to 90 months' incarceration. Count 5, possession with intent to deliver 53 grams of cocaine, had a mandatory minimum of 48 months and standard range guidelines of 60 months' incarceration. Williams' standard range is now 60 to 72 months' incarceration. N.T., Video Resentencing Hearing at 4.

19

the rehabilitation that Williams had demonstrated. N.T., Video Resentencing Hearing at 10.

However, as in 2011, Counts 1, 3, 4, 5 and 6 were made concurrent with one another, and Counts 2, 5 and 7 were ordered consecutive, for an aggregate sentence of 11 to 22 years' incarceration. Given the new Sentencing Guidelines, the Court noted that the net aggregate sentence was actually a mitigated sentence and a lesser sentence than could otherwise have been imposed at the time of the original sentence.

Williams has failed to establish by a preponderance of the evidence that defense counsel failed to properly advocate for him at the resentencing hearing or that he suffered prejudice because of any alleged inaction of counsel. *See* 42 Pa.C.S.A. § 9543(a)(2)(ii); **Spotz**, 616 Pa. at 187, 47 A.3d at 76.

## III. Conclusion

For the reasons set forth above, Williams' 2018 Amended PCRA Petition will be denied in part and dismissed in part, without a hearing.

Accordingly, I enter the following:

20